UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 10 2011 ★
BROOKLYN OFFICE

| | |
|---|---|
| VERONICA SMITH, <br> Plaintiff, <br> v. <br> GUTMAN, MINTZ, BAKER & SONNENFELDT, and <br> ARVERNE HOUSES, INC. <br> Defendant. | CV 11 - 3843 <br> Civil Action No. _____ <br> VERIFIED COMPLAINT <br> (Unlawful Debt Collection Practices) <br> BLOCK, J. |

**COMPLAINT**

BLOOM, M.J.

INTRODUCTION

1. This is an action for damages and declaratory relief brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, (hereinafter "FDCPA"), the New York General Business Law, N.Y. GBS. Law § 349 (hereinafter, "GBL 349"), Malicious Prosecution, Abuse of Process, Negligence, Gross Negligence, which among other prohibitions, prohibits debt collectors and creditors from engaging in abusive, deceptive, and unfair practices against consumers.

JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), this Court has jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3. Venue in this district is proper in that the Defendants are corporations that reside in New

York State and are subject to personal jurisdiction within the Eastern District of New York. 28 U.S.C. § 1391(c).

## PLAINTIFF

4. Plaintiff, Veronica Smith, is a natural person residing in the City of Far Rockaway, County of Queens, State of New York, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

## THE DEFENDANTS

5. Defendant, Arverne Houses, Inc. (hereinafter "Arverne Houses") is a New York corporation that maintains its principal place of business in Arverne, New York. Arverne Houses is a rental residential complex with 1089 units.

6. Defendant, Gutman, Mintz, Baker & Sonnenfeldt (hereinafter, "the Gutman firm"), is professional corporation, and a law firm engaged in the business of collecting debts in this state with its principle place of business is located at 813 Jericho Turnpike, New Hyde Park, NY 11040. The Gutman firm is the sole law firm representing Arverne Houses in all its eviction proceedings.

7. The Gutman firm regularly attempts to collect debts alleged to be due another, and is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTS RELEVANT TO ALL CLAIMS FOR RELIEF

8. Plaintiff restates and realleges each and every allegation made herein as if set forth in full hereat.

9. In 2002, Plaintiff-tenant moved into Defendant's rental property located at 146 Beach 59th Street 317, Far Rockaway, NY, 11692.

10. Plaintiff has been a participant in the Housing Choice Voucher Program and a recipient

2

of a Section 8 subsidy, through the New York City Housing Authority (hereinafter "NYCHA"), during her tenancy at Defendant's property.

11. The Section 8 Housing Choice Voucher Program works as a rent subsidy allowing families to pay a reasonable share of income for rent with the government making up the difference up to a specific limit. NYCHA pays part of the rent each month directly to the landlord for an eligible family, which has been given a Voucher, in accordance with regulations of the United States Department of Housing and Urban Development (HUD).

12. Defendants have made numerous attempts at collecting rent, which Plaintiff does not owe to the Defendants, including sending notices, collection letters, and initiating numerous eviction actions against Plaintiff, and threatening to evict Plaintiff. These repeated eviction actions have consisted of numerous written demands for rent that has already been paid by Plaintiff, and for impermissibly seeking on numerous occasions to collect on Defendant's non-receipt of the NYCHA Section 8 share of the rent.

13. Defendants on more than one occasion have been in violation of the consent decree in Williams et al. v. NYCHA, 81 Civ. 1801 (U.S.Dist.Ct. So.D.N.Y.1995). The Defendants repeatedly violated the provisions of consent decree by (1) failing to state the total amount of rent owed and an accurate breakdown of the source of arrearage in the Certification required for eviction proceedings. (See, paragraph 7(b) of Williams consent decree), (2) seeking judgment against the tenant for the subsidy portion of the rent. (See, paragraph 10(a) and 16(d) of Williams consent decree), (3) and failing to name and serve the Authority as a necessary party, and to commence a single proceeding against both the tenant and the Authority, as required when the Authority objects to landlord's certification. (See, paragraph 12 of Williams consent decree).

14. Defendants initiated an eviction action against Plaintiff on 03/11/2002, based on non-

receipt of the NYCHA Section 8 portion of the rent. Queens Civil Court. Index No. 56254/2002.

15. Defendants initiated an eviction action against Plaintiff on 06/22/2006, based on non-receipt of the NYCHA Section 8 portion of the rent. A Stipulation of Settlement was entered dismissing the complaint, after NYCHA representative testified that amounts owed were the Section 8 portion of the rent, and cessation of payments were because of Defendant's housing and quality standard violations and Defendant's failure to make repairs to Plaintiff's apartment. Queens Civil Court. Index No. 66677/06.

16. Defendants initiated an eviction action against Plaintiff on 02/09/2009, based on non-receipt of the NYCHA Section 8 portion of the rent. A Stipulation of Settlement was entered dismissing the complaint, and confirming that the rent sought in the eviction was the NYCHA Section 8 portion and that Plaintiff had been making her rent payments during the time period in question. Queens Civil Court. Index No. 54301/09.

17. Defendants initiated an eviction action against Plaintiff on 07/29/2009, based on non-receipt of the NYCHA Section 8 portion of the rent. A Stipulation of Settlement was entered dismissing the complaint, and confirming that the rent sought in the eviction was the NYCHA Section 8 portion and that Plaintiff had been making her rent payments during the time period in question. Queens Civil Court. Index No. 70421/09.

18. Defendants initiated an eviction action against Plaintiff on 05/21/2010, based on non-receipt of the NYCHA Section 8 portion of the rent. A Stipulation of Settlement was entered dismissing the complaint, and confirming that the rent sought in the eviction was the NYCHA Section 8 portion and that Plaintiff had been making her rent payments during the time period in question. Queens Civil Court. Index No. 63887/10.

19. Defendants initiated an eviction action against Plaintiff on 05/24/2010, based on non-

receipt of the NYCHA Section 8 portion of the rent. A Stipulation of Settlement was entered dismissing the complaint, and confirming that the rent sought in the eviction was the NYCHA Section 8 portion and that Plaintiff had been making her rent payments during the time period in question. Queens Civil Court. Index No. 63887/10.

20. Defendants initiated an eviction action against Plaintiff on 03/30/2011, based on non-receipt of the NYCHA Section 8 portion of the rent. A Stipulation of Settlement was entered dismissing the complaint, and confirming that the rent sought in the eviction was the NYCHA Section 8 portion and that Plaintiff had been making her rent payments during the time period in question. Queens Civil Court. Index No. 59580/11.

21. In numerous instances, in collection of rent that was already paid, or was the NYCHA Section 8 portion of the rent, Defendants sent notices to Plaintiff informing her that she owed back due rent for months that rent was already paid for, and threatened her with eviction.

22. It is the regular and repeated practice of Defendants to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA, and state laws. This pattern of abusive practices by the Defendants had a tremendous public impact, as it has been repeated in the past, and continues to be implemented, against many tenants of Arverne Houses.

23. The conduct of Defendants has caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of facts.

24. The conduct of Defendants have caused Plaintiff particular angst and mental anguish because Defendant is diagnosed with Schizoaffective disorder, which has been exacerbated by the numerous fraudulent lawsuits.

25. All actions taken by employees, agents, servants, or representatives of any type for the Defendants were taken in the line and scope of such individuals' (or entities') employment, agency, or representation.

## FIRST CLAIM FOR RELIEF
### Violations of the Fair Debt Collection Practices Act

26. Plaintiff repeats and re-alleges and incorporates by reference paragraphs one through nine above.

27. The Gutman firm violated the FDCPA. The Gutman firm's violations include, but are not limited to, the following:

   a. The Gutman firm violated 15 U.S.C. § 1692(d) by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. The Gutman firm's repeated eviction actions, letters and other attempts to collect rent from Plaintiff, which it knew Plaintiff did not legally owe Arverne Houses constituted conduct whose natural consequence is to harass, oppress, and abuse Plaintiff.

   b. The Gutman firm violated 15 U.S.C. § 1692(e) by using false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. The Gutman firm's repeated eviction pleadings, letters, and other attempts to collect rent from Plaintiff, that the Gutman firm knew was not owed, constituted false, deceptive, or misleading representations.

   c. The Gutman firm violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect any debt. The Gutman firm's repeated eviction pleadings, letters, and other attempts to collect rent from Plaintiff, that

    the Gutman firm knew was not owed, was unfair and unconscionable means to collect or attempt to collect any debt.

    d. The Gutman firm violated 15 U.S.C. § 1692c(h) by impermissibly applying Plaintiff's payment of debts to disputed debts and failing to apply such payments in accordance with consumer's directions. The Gutman firm repeatedly submitted pleadings and letters which stated rent was due for particular months, when payments had been already made for those months and those amounts were applied for other rental time periods.

28. As a result of the above violations of the FDCPA, the Gutman firm is liable to the Plaintiff for Plaintiff's actual damages, statutory damages, costs and attorney fees.

SECOND CLAIM FOR RELIEF
**Violations of New York General Business Law § 349**

29. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

30. Defendants, Arverne Houses and the Gutman firm, violated the GBL 349 by taking part in deceptive acts and unlawful practices in the conduct of its business. Defendant's repeated pattern of attempts to evict Plaintiff on the basis of unpaid rent, which Defendant knew Plaintiff did not owe, constitutes deceptive and unlawful practices in the conduct of business.

31. Defendants acted willfully and knowing in its violations of GBL 349. Defendant's attempts to collect the debt were done willfully and knowingly, as they repeatedly submitted eviction pleadings that sought to impermissibly evict Plaintiff, even after numerous dismissals of eviction proceedings that were sought on the very same grounds, and dismissed for the same reason. Defendants actions are also willful and knowing because it such abusive practices are repeatedly and regularly employed by Defendants against other tenants at Arverne Houses.

32. Defendant's violations of GBL 349 are of public interest and involve violations of a

recurring nature. Both Defendants have a regular pattern and practice of repeatedly, seeking evictions against numerous tenants at Arverne Houses based on the same impermissible grounds. The Defendant's same violations of state statutes are recurring not only against Plaintiff, but have occurred against numerous other tenants in the past and presently, who reside in Arverne Houses 1089 units.

33. As a result of the above violations of the GBL 349, the Defendants are liable to the Plaintiff for three times Plaintiff's actual damages pursuant to N.Y. GBS. Law § 349(h), costs, and attorney fees.

### THIRD CLAIM FOR RELIEF
**Malicious Prosecution**

34. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

35. Plaintiff's cause of action for Malicious Prosecution is based upon Defendant's repeated harassment and attempts to collect debt that Plaintiff does not owe, by means of repeated eviction proceedings and other collection efforts.

36. Defendants commenced the proceedings without probable cause and with malice or for improper purpose.

37. The prior proceedings terminated in favor of plaintiff. The vast majority of eviction proceedings resulted in dismissal of the complaint and acknowledgement that Plaintiff lacked the obligation of debt. A couple instances where Defendants prevailed was with default judgments, when Plaintiff failed to appear.

38. Plaintiff suffered interference with his person or property as a result of the proceeding. Plaintiff health and medical condition has grown worse with the stress of constant harassment from Defendants. Plaintiff's credit and creditworthiness has been effectively terminated as a

result of the repeatedly litigation and collection attempts on debt Plaintiff did not owe. Defendant has spent numerous hours commuting to court for multiple cases of litigation.

39. As a result of the Malicious Prosecution, the Defendants are liable to the Plaintiff for injunctive and declaratory relief, and for compensatory damages, punitive damages, costs and attorney fees.

### FOURTH CLAIM FOR RELIEF
**Abuse of Process**

40. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

41. Plaintiff's cause of action for Abuse of Process is based upon Defendant's repeated improper eviction proceedings and collection attempts against Plaintiff.

42. Defendant initiated regularly issued civil process compelling the performance or forbearance of some prescribed act. As a result of Plaintiff's actions Defendant had to repeatedly appear in court, prepare for litigation, and obtain assistance of counsel. Defendant's creditworthiness is shattered and she is unable to obtain credit as a result of the multiple lawsuits, and collection claims.

43. Defendant in activating process, was moved by a purpose to do harm without economic or social excuse or justification and Plaintiff did sustain injury to or an interference with her person or property. Defendants continuing to repeatedly initiate eviction proceedings and other collection efforts, when they knew it was impermissible from prior eviction proceedings and collection efforts constitutes lack of economic or social excuse, or justification.

44. Defendant perverted the process by seeking some collateral advantage to the plaintiff outside the legitimate ends of the process. Defendant's repeated impermissible eviction proceedings, and other collection attempts, even when they had been sought and failed in the past, establishes that Defendant perverted the process of the judicial proceedings by seeking the

collateral advantage of evicting, or collecting the amounts from Plaintiff, by means of continuous and repeated harassment.

45. As a result of Defendant's Abuse of Process, the Defendant is liable to the Plaintiff for a injunctive and declaratory, compensatory damages, punitive damages, and attorney fees.

### FIFTH CLAIM FOR RELIEF
### Negligence

46. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

47. Defendants owed Plaintiff a duty, or obligation, recognized by law.

   a. Pursuant to the following provisions of New York Fair Debt Collection Practices Act § 601, no principle creditor, or its agent shall… knowingly collect, attempt to collect, or assert a right to any collection fee, attorney's fee, court cost or expense unless such changes are justly due and legally chargeable against the debtor; or… claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exists;

   b. Pursuant to the following provisions of GBL 349, Defendant has violated a duty, or obligation, recognized by law in committing deceptive acts and unlawful practices in the conduct of its business.

48. Defendant, the Gutman firm, owed Plaintiff a duty, obligation, pursuant to FDCPA, which include those obligations, stated earlier, pursuant to 15 U.S.C. § 1692(d),(e),(f), and (h).

49. Defendants have breached the duty imposed by the statutory standard.

   a. Defendants knowingly attempted to collect a collection fee, attorney fees, court costs, that were not justly due and not legally chargeable against Plaintiff.

    b. Defendants claimed, attempted and threatened to enforce a right to eviction Plaintiff, and obtain rent amounts, with knowledge, or reason to know that the rights does not exist.

    c. Defendants committed deceptive acts and unlawful practices in the conduct of its business by repeatedly attempting to evict and collect on debts that was not owed to the Defendants.

50. A reasonably close causal connection existed between Defendant's conduct and the resulting injury. Defendant's repeated eviction lawsuits against Plaintiff, on the same basis and grounds, are directly responsible for the stress and medical problems that arose as a result of the numerous cases and collection attempts, the complete elimination of Plaintiff's creditworthiness and inability to obtain credit, the humiliation and embarrassment of no longer having access to credit, and all the time and effort for proceedings Plaintiff had to appear in, the time to prepare for litigation, and obtaining assistance of counsel.

51. There was damage to Plaintiff, which resulted from Defendant's breach. The damage was the emotional distress, stress, and medical problems that arose for Plaintiff, the complete elimination of her creditworthiness and inability to obtain credit, the humiliation and embarrassment of no longer having access to credit, and all the time and effort for proceedings Plaintiff had to appear in, the time to prepare for litigation, and obtaining assistance of counsel.

52. Punitive damages is appropriate as Defendant's actions constitute egregious, malicious, tortuous conduct, performed in collusion between each other, by which Plaintiff was aggrieved and such conduct was part of similar conduct aimed at the public generally. It is not just the sheer number of invalid eviction proceedings, and harassment, brought against Plaintiff on the same grounds, but also the regular pattern and practice of bringing the same eviction actions for

non-receipt of Section 8 portions of the rent, with full knowledge that as to its impermissibility, that makes it of serious public concern. Defendants conduct demonstrates a high degree of moral turpitude and wanton dishonesty as to imply criminal indifference to civil obligations which is aimed at the public.

## SIXTH CLAIM FOR RELIEF
### Gross Negligence

53. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

54. Defendants so recklessly disregarded facts as to amount to gross negligence. When both Defendants maliciously pursued repeated collection efforts against Plaintiff, with full knowledge as to its illegality, their actions evinces a reckless disregard for the rights of others or smacks of intentional wrongdoing.

55. Punitive damages is appropriate as Defendant's actions constitute egregious tortious conduct by which Plaintiff was aggrieved and such conduct was part of similar conduct aimed at the public generally. Defendants conduct demonstrates a high degree of moral turpitude and wanton dishonesty as to imply criminal indifference to civil obligations which is aimed at the public.

## NINTH CLAIM FOR RELIEF
### Declaratory Relief

56. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

57. Among the numerous eviction proceedings Defendants have brought against Plaintiff, they have obtained default judgments when Plaintiff failed to appear for hearings. The default judgments were for amounts Defendant had already paid, or were based on non-receipt of the NYCHA Section 8 portion of the rent, payments of which has been attributed to Plaintiff.

58. Wherefore, Plaintiff seeks an order barring further lawsuits by Defendants, which are

based upon non-receipt of the Section 8 portion of the rent, and a declaration that any judgment against Plaintiff, which is based on the Section 8 portion of the rent, is vacated and dismissed, and may not provide the basis of any legal obligation enforceable against Plaintiff.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Actual damages, pursuant to 15 U.S.C. § 1692, and N.Y. GBS. Law § 349(h).

B. Statutory damages pursuant to 15 U.S.C. § 1692k, to N.Y. GBS. Law § 349(h).

C. Compensatory damages, for the tort of Malicious Prosecution and Abuse of Process.

D. Punitive damages, pursuant to N.Y. GBS. Law § 349(h), and for the torts of Negligence, Gross Negligence, Malicious Prosecution and Abuse of Process.

E. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k, N.Y. GBS. Law § 349(h), Declaratory relief barring Plaintiff from pursuing evictions against tenants based on non-receipt NYCHA Section 8 funds, and declaring void any judgments that Defendants have obtained against Plaintiff.

F. For such other and further relief as may be just and proper.

Dated: July 29, 2011
Kew Gardens, NY

Respectfully Submitted,

Tashi T. Lhewa, Esq.
THE LEGAL AID SOCIETY
Attorney for Defendant
120-46 Queens Blvd.
Kew Garden, NY 10415
718-286-2474
Attorney Id. 1412

## VERIFICATION

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF QUEENS      )

I Veronica Smith, being duly sworn, deposes and says:

1. I am the Plaintiff in the above-entitled action.

2. I have reads the contents of the foregoing Complaint.

3. The information stated therein is true to the best of my own knowledge except as to those matters therein stated to be alleged upon information and belief, and as to those matters I believe the information to be true.

_____
VERONICA SMITH

Sworn to before me this
29 day of July, 2011

_____
Notary Public

TASHI T. LHEWA
Notary Public, State of New York
No. 02LH6235076
Qualified in Queens County
Commission Expires: 01/31/20__